W. J. CROSBY and WILTON E. JOHNSON, as surviving Executors of the Last Will and Testament of E. L. Wartmann, deceased, v. ELIZABETH ANN WARTMANN, *et al.*

183 So. 32.
Opinion Filed July 8, 1938.

D. *Niel Ferguson,* for Appellants;

H. M. *Hampton,* for Appellees.

PER CURIAM.—The appeal is from final decree construing the terms of a Last Will and Testament with codicil attached.

The decree is as follows:

"This cause came on to be finally heard this day, and it appearing to the Court that upon the filing of the bill herein, process was duly issued, which was served upon all parties and was served upon the two minors, Mary Louise Wartmann and Mildred Alice Wartmann, in the presence of their mother and natural guardian, Louise H. Wartmann; and that W. H. Timmons was duly appointed guardian *ad litem* to represent the interests of said minors, and that such guardian *ad litem* has filed his oath and also his answer herein; and all of the defendants have filed their answers, and it appears from the proceedings herein that this cause presents the construction of the Will of the late E. L. Wartmann, which Will, with the codicil thereto, is in the words and figures following, to-wit:

" 'LAST WILL AND TESTAMENT.

" 'I, E. L. Wartmann, now and for many years a resident of Citra, Marion County, Florida, being of sound and disposing mind and memory, but realizing the uncertainties of life, do hereby make and constitute this my last will and testament hereby revoking all testamentary instruments heretofore executed by me.

## " 'I.

" 'I direct that all my just debts and funeral expenses be paid as soon after my death as conveniently possible.

## " 'II.

" 'I hereby give, devise and bequeath all my property, both real and personal, of whatsoever kind and wherever situate, to the Executors of this will IN TRUST wholly and exclusively, however, for the purposes and upon the conditions set forth in this will.

" '(a) My executors shall hold in trust my entire estate and pay the income thereof to my wife, Ada Burleson Wartmann, so long as she shall live, such income so paid to belong exclusively to my said wife without let, hindrance or demand on the part of any persons whomsoever. My executors shall throughout the time in this paragraph "a" set forth have full right and power to sell any of my properties whenever, in their opinion, it is wise and desirable so to do, and to invest and reinvest the principal of my estate as their judgment shall dictate. I further specifically direct that should the income from my estate be insufficient to supply all wants, needs or reasonable desires of my beloved wife, that then, in that event, my executors are specifically directed to supply the same from the principal or body of my estate, it being my specific desire and I so direct that my beloved wife have ample funds with which to live surrounded by the conveniences and comforts of life, and with which to supply all medical care and attention desired, so long as either the income or the body of my estate be sufficient to that end.

" '(b) I give, devise and bequeath one-half of my estate remaining and existing upon the death of my beloved wife to my daughter, Mary Elizabeth Cox, now residing in Atlanta, Georgia. Should my daughter pre-decease my wife,

then, in that event, I give, devise and bequeath my daughter's share to the child or children born of my daughter, and then living, if any such there be. Should my daughter die prior to my wife leaving no children born of her body, then this devise and bequest shall lapse and go to the living children of my deceased son, Henry Alison Wartmann, hereinafter mentioned. Should my said daughter be living upon the death of my wife the executors have full authority to set aside to her her share of my estate in property or money, or both, as in their judgment shall be deemed best and their appraisals or values shall be at all times binding upon all legatees under this will. Likewise my executors shall in the division of said estate have such reasonable time to effect the same as ordinary public transactions would require, and to the end that no portion of the estate be unduly sacrificed by reason of sale at an inopportune time.

" '(c) I give, devise and bequeath one-half of my estate, the same to become operative upon the death of my wife, to the then living children of my deceased son, Henry Alison Wartmann. Said children are at the time of the making of this will, Elizabeth Ann, Mary Louise and Mildred Alice. I direct that my executors shall hold in trust the share of each of said children until each shall have become twenty-one years of age, at which time the same shall become the property of each of said grand-children, respectively, without let or hindrance from any persons whomsoever. It is my desire, however, that my said grand-children shall be furnished with opportunities for acquiring good educations, and should they be otherwise unable to have and possess such opportunities my executors are directed to supply the same in every reasonable way so long as the share of each is sufficient to that end, and the provisions of this portion of my will are at all times to be con-

strued with the understanding that I consider a well rounded and serviceable education of more value to those whom I love than the corresponding cost of the same in money. Should my daughter mentioned in paragraph next above die prior to my wife, leaving no children born of her body, then, in that event, my executors shall hold in trust my entire estate for the benefit of the living children of my deceased son above mentioned, and the provisions of this paragraph of my will are applicable thereto.

## " 'III.

" 'I specifically give to my executors in trust herein full power to conduct any businesses which I may be conducting at the time of my death if, in their opinion, it is advantageous or desirable, likewise they shall have full power of sale, mortgage, lease, investment and reinvestment and full right and authority, power and privilege to do any and all things which in their judgment shall be deemed best, and I specifically direct that no purchaser of my estate, or any part thereof, shall be required to look to the disposition of the purchase money in any manner whatsoever. I further direct that any two of the three directors of this will shall have full power and authority to make and execute all instruments of conveyance, or other instruments necessary in the sale or disposition of property and that the act of any two of said three executors shall at all times be sufficient and valid.

" 'I hereby appoint as executors of this will my wife, Ada Burleson Wartmann, my daughter, Mary Elizabeth Cox, and her husband, Eugene H. Cox, of Atlanta, Georgia, and request that they be not required to give bond. Should all three of said named executors be unable or refuse to qualify and act as such, I direct that the qualification of any two of said three persons shall be sufficient. It is my

desire, however, that all three of said named persons shall so qualify and act unless prevented by sickness or death.

"'Witness my hand........................this............day of July, A. D. 1926.

"'E. L. WARTMANN.

"'We, the undersigned subscribing and attesting witnesses, hereby state that we witnessed the execution of the foregoing instrument by the above mentioned testator in his presence and at his request and in the presence of each other, he declaring the same to be his last Will and Testament.

"'NAME.                    ADDRESS.
"'S. GARY TURNLEY,        Ocala, Florida.
"'H. H. HENDERSON.        Ocala, Florida.
"'FRANK CHURCHILL         Ocala, Florida.

"'CODICIL
".'TO
"'LAST WILL AND TESTAMENT.

"'I, E. L. Wartmann, of Citra, Marion County, Florida, being of sound and disposing mind and memory, but realizing the uncertainties of life, do hereby make and constitute this a codicil to my last Will and Testament, which said last Will was executed on the............day of July, A. D. 1926.

"'Since the execution of my said last Will my beloved daughter, Mary Elizabeth Cox, has departed this life.

"'I hereby will, declare, devise and bequeath that subsection (c) of paragraph II of my said Will is hereby modified to the end that my Trustees thereunder shall not turn over to the respective beneficiaries in said sub-section (the same being the children of my departed son, Henry Alison Wartmann) their respective portions of the body

of said Estate until each shall have become thirty (30) years of age.

"'I further will, declare, devise and bequeath that Paragraph IV of said Will is hereby declared to be null and void, and in lieu thereof I do hereby will, devise and provide that I hereby appoint as Executors and Trustees of this Will and Codicil my wife, Ada Burleson Wartmann, my long time friend and associate, W. J. Crosby, of Citra, Marion County, Florida, and my young friend, Wilton L. Johnson, of Citra, Marion County, Florida, and request that they be not required to give bond. Should any of said named Executors and Trustees be unable or unwilling to so serve, I direct that any two thereof shall for all purposes be sufficient. It is my expressed wish, however, that all three of said named persons shall qualify and serve unless prevented by sickness or death.

"'WITNESS my hand at Atlanta, Georgia, this 14th day of July, A. D. 1934.

"'E. L. WARTMANN (Seal).

"'We, the undersigned subscribing and attesting witnesses, hereby state that we witnessed the execution of the foregoing instrument by the above mentioned Testator in his presence and at his request and in the presence of each other, he declaring the same to be a codicil to his Last Will and Testament.

| "'NAME. | ADDRESS. |
|---|---|
| "'A. E. WILSON. | 414 Hurt Bldg., |
| "'NORMAN H. FUDGE. | 432 Hurt Bldg., Atlanta, Ga. |
| "'JOHN F. CULLENS. | Robert Fulton Hotel, Atlanta, Ga.' |

"It is made to appear to the Court that Ada Burleson Wartmann, beneficiary under said will, and the widow of

E. L. Wartmann, departed this life February 2, 1938; that under the terms of said will, the income of said estate was payable to her; but this will did not by its terms make any specific provision regarding such income after her death: the Executors aforesaid seek the construction of said Will to determine to whom, and in what manner, the income of said estate shall now be paid, if at all, until the time when the remaining beneficiaries are entitled to distribution of the corpus of the estate, or if such income should be allowed to accumulate until the time of distribution. The defendants claim that it was the purpose of the testator to have the income from his estate distributed and paid over, and that they being entitled to the estate, the corpus of which is now actually vested in them, but being held in abeyance until the time provided by the will to be paid over, that the income should be paid them until the estate is distributed. While it is true that the estate left, which ultimately goes to the grand-children of the said E. L. Wartmann, is not to be distributed until the time provided for in the codicil, it seems clear from the words used, that is, to divide the corpus of the estate at the time fixed, that such is all the testator had in mind, and that he did not intend to suspend payments of income until that time; this is made clear by the fact that he provided that it be paid to his widow until her death, and had she lived until the time of distribution, as fixed, arrived, such income would have been paid to her; it is, therefore, the opinion of the Court that the Executors should continue payments of income, paying one-third part thereof to Elizabeth Ann Wartmann, and two-thirds thereof to Louise Alice Wartmann as Guardian for Mary Louise Wartmann and Mildred Alice Wartmann until Mary Louise Wartmann attains her majority, and thereafter one-third part to her; and thereafter the remaining one-third part thereof to the said Louise H.

Wartmann, as Guardian for Mildred Alice Wartmann until she attains her majority, and thereafter said one-third to her, all until the time provided to make final distribution under the terms of the codicil to said will.

"In making this construction, the Court does not determine whether or not under the codicil, when the children respectively reach the age of thirty, if distribution should be made to them, or postponed until the youngest child attains the age of thirty, a decision upon that question being premature at this time, and is, therefore, postponed without prejudice to the rights of the children or the Executors. And by the said bill, as amended, and by the affirmative answer of the defendants, it is made to appear, that by his said will the said E. L. Wartmann sought to devise his homestead at Citra, Florida, upon which he lived and resided at the time of his death, with his family; that he was at his death, the head of a family residing in this State, and as such owned Lots 2 and 3 of Block 7, according to Wilbur's Plat of the Town of Citra, in Marion County, Florida, constituting a homestead under the State Constitution, construction of the will with reference to the homestead is sought; that is, if it is to be held by the Executors, or turned over now to the children of Henry Alison Wartmann. By Section 6 of the Probate Act of 1933, under the title, 'Property Which May Be Devised,' whenever a person who is head of a family, residing in this State, and having a homestead herein, shall die and leave, either a widow or lineal descendants, or both surviving him, the homestead shall not be the subject of devise, but shall descend as provided in said Probate Act. By Section 28 of said Probate Act under the title, 'Descent of Homesteads,' it is provided that the homestead shall descend as other property, provided that if the decedent be survived by a widow and lineal descendants, the widow shall take a life

estate in the homestead, with vested remainder to the lineal
descendants in being at the time of the death of the de-
cedent. In this case there was a widow and lineal de-
scendants; therefore, the homestead was not subject to
testamentary disposition, but a life estate therein did de-
scend to the widow, Ada B. Wartmann, with vested re-
mainder to the grandchildren; viz.: the children of tes-
tator's son, Henry Alison Wartmann, testator having left
surviving him no children, both his son and daughter having
departed this life prior to the death of the testator, the
daughter leaving no children.

"The homestead not being the subject of testamentary
disposition, upon the death of the widow, it descended to
said grandchildren, Elizabeth Ann Wartmann, Mary Louise
Wartmann and Mildred Alice Wartmann, and became vested
in them, unaccompanied by any supervision over the same
by the Executors.

"It Is THEREFORE ORDERED AND ADJUDGED by the Court:

"1. That the income of the Estate of the said E. L.
Wartmann, which the said Ada B. Wartmann was entitled
to receive to the time of her death under the terms of the
Will of the said E. L. Wartmann, from and after the date
of her death became and is the property of the children of
Henry Alison Wartmann, viz.: Elizabeth Ann Wartmann,
Mary Louise Wartmann and Mildred Alice Wartmann, and
they are entitled to payment of the same in the same manner
and in the same way the Executors made settlement with
Ada B. Wartmann during her lifetime, to be distributed to
them in accordance with the findings above set out, and
for that purpose a calendar year is hereby fixed to begin
September 1st and to end August 31st thereafter, and the
Executors will make settlement of each year's income, an-
nually, in accordance with the calendar year as fixed, on
or before the end of the year, exercising their own judg-

ment as to intervening payments; such payments to continue until the final settlement is due by the terms of said will and codicil.

"2. That the said homestead of the said E. L. Wartmann, to-wit: Lots 2 and 3 of Block 7 of Wilbur's Plat of the Town of Citra, Marion County, Florida, upon the death of the said Ada B. Wartmann, widow of the said E. L. Wartmann, became vested in the grandchildren of the said E. L. Wartmann, to-wit: Elizabeth Ann Wartmann, Mary Louise Wartmann and Mildred Alice Wartmann, who are all of the lineal descendants of the said E. L. Wartmann, who were in being at the time of his death, and they thereby became seized and possessed of a fee simple estate therein, unaffected by the provisions of the will of the said E. L. Wartmann, and the Executors are required to surrender and deliver possession of the same to them, forthwith and without delay.

"3. As to any and all other matters which may hereafter arise, not involving the matter here decided upon, this decree is without prejudice."

The decree is without error and should be, and is, affirmed.

So ordered.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., concurs in the conclusion.